UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Naseef Bryan, Jr.

    v.                                                                                      Civ. No. 24-cv-385-LM-AJ

Eric Foley, et al.

**REPORT AND RECOMMENDATION**

    Self-represented plaintiff Naseef Bryan, appearing in forma pauperis, filed a complaint in this matter against a Hooksett, New Hampshire, police officer, a Merrimack County, New Hampshire deputy sheriff, the director of the New Hampshire Department of Motor Vehicles, and a local automobile repair shop, alleging violations of his federal civil rights and state law.[1] The complaint is before the undersigned Magistrate Judge for further preliminary review, pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915(e)(2). See Order (Doc. No. 4). As explained more fully below this case should be dismissed.

**Standard of Review**

    The magistrate judge conducts a preliminary review of pleadings, like Mr. Bryan's, that are filed in forma pauperis.

---

[1] The named defendants are: Hooksett Police Officer Eric Foley, Hillsborough County Deputy Sheriff Peter Albert, New Hampshire Department of Motor Vehicles Director John Marasco, and Above All Collision Center, LLC Manager Matthew Boyer.

See LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d). In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). An unrepresented plaintiff's complaint must be read liberally in this regard, see Donovan v. Maine, 276 F.3d 87, 94 (1st Cir. 2002), but must still contain "the crucial detail of who, what, when, where, and how" in order to provide fair notice of what the claims are and the grounds upon which they rest. Byrne v. Maryland, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.), aff'd, 2020 WL 2202441 (D. Me. May 6, 2020).

## **Background and Prior Proceedings**

In its first preliminary review of Mr. Bryan's complaint, the court determined that Mr. Bryan intended to assert four claims:

> 1. Mr. Bryan's Fourth and Fourteenth Amendment rights were violated when (a) he was arrested without probable cause, and (b) when a warrant issued for his arrest which was not based on a sworn statement demonstrating probable cause.
>
> 2. A government agency deprived Mr. Bryan of unspecified property without due process of law, in violation of Mr. Bryan's Fourteenth Amendment rights. Further, Mr. Bryan alleges that he was denied his Sixth Amendment right to a jury trial in the State court proceedings related to the traffic stop underlying his claims.
>
> 3. Mr. Bryan's Fourteenth Amendment right not to be deprived of his liberty without due process of law was violated by the New Hampshire law(s) restricting his ability to drive on public roads.
>
> 4. Above All Collision Center, LLC, a private company, stole Mr. Bryan's car after a traffic stop.

Order (Doc. No. 4) at 3.

The court further found that Mr. Bryan had alleged insufficient facts to allow his claims to proceed. Accordingly, Mr. Bryan was directed to file an amended complaint identifying the specific individuals who are responsible for each of his claims, stating, with specificity, what each defendant did or failed to do which violated his rights. Id. at 4.

In response to the court's Order, Mr. Bryan filed several documents: one captioned "Rule 15(a) Amended and Supplemental

Pleadings" (Doc. No. 6) and two others captioned "Evidence" (Doc. Nos. 5 and 7). For purposes of completing preliminary review, the court construes them collectively as Mr. Bryan's Amended Complaint.

## Discussion

Mr. Bryan offered the following allegations in his amended complaint:

> 1. NH State trooper that committed the act against petitioner was the officer in question at the Manchester district court for the 9th circuit which ruled in favor of the officer and State.[2]
>
> 2. Petitioner was arrested by [Deputy Sheriff] Peter Albert upon visit to Hillsborough County Court on a warrant that was not obtained according to the Constitution 4th amendment protection.
>
> 3. John Marasco is liable for the action(s) of his employees/servant when they commit acts against individual(s) and violation of law, e.g. suspension of driver's license, violates the United States Bill of Rights without due process of law. Also discriminatory scheme of non-renewal of driver's licenses on grounds of national origin.
>
> 4. Above All Collision Center, LLC Manager Matthew Boyer, is liable for the acts committed by his employees when they violate laws of the United States and United States Bill of Rights protection against deprivation of property without due process of law,[22] added that the removal of my property was not of mutual consent from petitioner such acts is considered theft according to law.
>
> 5. Eric Foley, added to the injuries and negligence of officer(s) complained of, when he arrested petitioner, allowed his vehicle to be stolen/towed, confiscated petitioners registered plates, and deprived petitioner of liberty and pursuit of happiness without due

---

[2] No State Trooper is named as a defendant.

process of law.

Supp. Pleading (Doc. No. 6) at 5-6. Mr. Bryan also referred to certain documents he has filed in this case, including the misdemeanor complaints for motor vehicle violations (Doc. No. 7 at 3-8)³; a disposition Form marked "guilty" (Doc. No. 1-2 at 3-5); a March 4, 2024 receipt from Precision Towing in Manchester, New Hampshire (Doc. No. 7 at 9); and a Hillsborough County Sheriff's Office property inventory form dated September 6, 2004. (Doc. No. 5).

As with Mr. Bryan's original complaint, his amended complaint and supporting documents, even construed liberally, contain insufficient factual allegations to support his bare legal assertions against any of the defendants. He provides no factual support for his claim that Officer Foley or Deputy Sheriff Albert violated any of his rights in charging him. Next, though he alleges that defendant Marasco is responsible for suspending his driver's license, there is nothing in any of Mr. Bryan's filings indicating that his license was suspended.

---

³ The court Complaints alleged that Mr. Bryan: 1) was not in possession of a driver's license; 2) was driving an uninspected vehicle; 3) was driving an unregistered vehicle; 4) was driving after his registration had been suspended for failing to pay a court fine; and 5) disobeyed Officer Foley's request to produce his license. The disposition form indicates a finding of guilty, Although no specific charges are indicated on the disposition form, Mr. Bryan acknowledged in his original complaint that he had been found guilty of the alleged motor vehicle-related charges.  Compl. (Doc. No. 1) at 9.

Though he was charged with registration-related crimes, Mr. Bryan provides no factual allegations that might support a claim that those charges were constitutionally deficient. Finally, as the towing receipt pre-dates the incident in question in this case by several months and was issued by a non-defendant, no claim can lie against defendant Above All Collision Center, LLC and Matthew Boyer. Accordingly, the district judge should dismiss this complaint because it fails to state a claim upon which relief can be granted.

## Conclusion

Based on the foregoing, the district judge should dismiss this complaint for failure to state a claim upon which relief can be granted. If the district judge adopts this recommendation, all pending motions should be terminated as moot.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district

court." Id. (cleaned up). Additionally, any issues "not preserved by such objection are precluded on appeal." Id.

                                              _____
                                              Andrea K. Johnstone
                                              United States Magistrate Judge

February 24, 2025

cc:  Naseef Bryan,Jr., pro se